DOUGLAS GILLIES, ESQ. (53602)
douglasgillies@gmail.com
3756 Torino Drive
Santa Barbara, CA 93105
(805) 682-7033

Attorney for Plaintiff
MARGARET CARSWELL

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARGARET CARSWELL, <br><br> Plaintiff, <br><br> v. <br><br> JP MORGAN CHASE BANK N.A., CALIFORNIA RECONVEYANCE CO., and DOES 1-150, inclusive, <br><br> Defendants. | Case No. CV10- 5152 GW (PLAx) <br><br> **PLAINTIFF'S EX PARTE MOTION FOR RECONSIDERATION AND EXPEDITED HEARING ON ORDER TO SHOW CAUSE - IMMEDIATE RELIEF SOUGHT** <br><br> DATE: <br> TIME: <br> Room: 10 <br> JUDGE: Hon. GEORGE H. WU |

Relief Sought

Plaintiff requests that the court reconsider its decision of July 15, 2010, denying a Temporary Restraining Order to prevent the sale of her house and set an expedited hearing on July 22 at 8:30 AM to hear argument on plaintiff's request for an Order to Show Cause re: Preliminary Injunction.

If a TRO is denied, the Court may set the hearing on the order to show cause without regard to the twenty-eight (28) days notice of motion requirement of L.R. 6-1. *Federal Rule Civ Proced 65, Local Rule 65-1.*

## Introduction

Working as agents for WaMu, strangers visited plaintiff's home at night - a distressed single mother who had been diagnosed with leukemia - and persuaded her to sign papers on which the blanks were not filled in and the terms of the contract were not disclosed. They took them away without leaving copies. She did not see copies of the loan documents for three years. They made up figures and inserted them in the loan application to qualify plaintiff for a loan that both the loan broker and the bank knew or should have known she could not repay, then immediately bundled it with thousands of other toxic mortgages and sold them to unsuspecting investors, retaining only the right to collect checks and forward the money in exchange for a commission of 2½ %. The bank went broke while pursuing this reckless business strategy and the FDIC sold it to JPMorgan Chase for $1.9 billion (2/3 of a cent on the dollar) on September 25, 2008. If WaMu was not the beneficiary of plaintiff's promissory note on September 25, Chase has no standing to claim plaintiff's property and is not a real party in interest.

Chase is named as "mortgagee, beneficiary, or authorized agent" on a Notice of Default signed by Elena Martinez, Assistant Secretary for California Reconveyance Co. (Exhibit 4). This is the first recorded document indicating that Chase claims any interest in the property. No transfer of beneficiary was ever recorded. The note is not indorsed to Chase or anyone else pursuant to UCC 3-204.

CRC filed a Notice of Trustee's Sale (Exhibit 6) naming Washington Mutual, not Chase, as the beneficiary, and intends to sell plaintiff's home on Thursday, July 22, at 1:00 PM on the Santa Barbara courthouse steps. But CRC assigned "all beneficial interest under that certain Deed of Trusted dated 12/20/2006, executed by Margaret Carswell," to Bank of America on September 1, 2009 (Exhibit 2).

The Federal District Court is asked to slow down the sale until serious questions going to the merits regarding federal issues of banking, loan fraud, and TILA and RESPA violations can be addressed at a hearing. See *Save Strawberry Canyon v Department of Energy*, 613 F. Supp. 2d 1177, 1180 n2 (N.D. Cal. 2009). Defendants

Motion for Reconsideration

- 2 -

1 | can't possibly be harmed by the short delay. Plaintiff's life will be devastated by the
2 | sale if she joins millions of other homeowners who have been ejected into the streets
3 | while the profits of Chase and other big banks soar to record levels.
4 |     The court notes that WaMu has not been named as a defendant, but WaMu has not
5 | attempted to sell plaintiff's house. It has been in bankruptcy since September 2008 and
6 | WaMu's bankruptcy trustee has not attempted to sell plaintiff's house. CRC asserts in
7 | the Notice of Default (Exhibit 4) that plaintiff must contact Chase, not WaMu, to stop
8 | the foreclosure. Attached to the NOD is a Declaration of Compliance in which Chase
9 | implies, yet does not assert, that it is a mortgagee, beneficiary, or authorized agent.
10 |     Any claim raised by Chase can only be based on the rights held by WaMu on
11 | September 25, 2008, but Chase is attempting to seize plaintiff's property, not WaMu,
12 | so plaintiff is suing Chase. Plaintiff and Chase have no contract. Chase has given
13 | plaintiff nothing, paid nothing for her loan, did not loan her money, received no
14 | promises from her, and now Chase declares in a legal newspaper that it will sell the
15 | house or take ownership on July 22. Any bully with fifty dollars in his pocket to pay
16 | for publishing a Notice of Trustee's Sale could do exactly what Chase has done, and
17 | what court would abstain while the homeowner was thrown into the street without a
18 | hearing?

## Material Facts

***Central District of California Local Rule 7-18. Motion for Reconsideration.***

A motion for reconsideration of the decision on any motion may be made only on the grounds of…(c) a manifest showing of a failure to consider material facts presented to the Court before such decision. No motion for reconsideration shall in any manner repeat any oral or written argument made in support of or in opposition to the original motion.

Plaintiff respectfully requests that the court reconsider the following material facts stated in her declaration dated July 13, 2010, and filed on July 14 (emphasis added):

1. I borrowed money from Washington Mutual Bank (Declaration Carswell 1:26).

2. During my recovery (from leukemia) I was introduced to a mortgage broker who convinced me to obtain a $2,500,000 mortgage from Washington Mutual Bank. I signed a **blank loan application** in early December. (2:9-12).

3. I signed the mortgage documents around 8 in the evening of December 20, 2006 at my home alone with a notary public, four days after the sudden death of my mother. I was given **no opportunity to review** the documents. After I signed, the notary took all the documents and told me that WaMu or Alliance Title Company would forward the finalized documents to me. I never received any documents from either source. (2:17-22).

4. (I)n November 2009, I discovered the application stated that my income was $50,300.00 per month and that my California nonprofit corporation, Earth First Construction, had a net worth of $1,000,000. I did not provide these **fictitious figures** to the broker or the bank. (4:5-8).

5. The **Note is not indorsed to Chase** or anyone else pursuant to UCC 3-204. It identifies the lender as WASHINGTON MUTUAL BANK, FA. Neither my name nor initials appear in the body of the Note (Exhibit 1). The signature page is undated and separate from all of the content of the Note (4:10-13).

6. I did a search at the County Recorder's Office that led to the discovery of an **Assignment of Deed of Trust** to Bank of America concerning "WaMu Mortgage Pass-Through Certificates Series 2007-OA1Trust" (Exhibit 2). On January 29, 2010, I visited the manager of our local BofA, who informed me unequivocally that Bank of America had no interest in my mortgage. (4:4:17-21).

7. None of these facts was disclosed to me by the lender or the broker. If I had been informed that the lender intended to immediately sell my mortgage into one or several Collateral Debt Obligations along with thousands of other mortgages, which had not been subjected to correct underwriting standards and which the lender knew had a strong possibility of failing, to such point that the lender in all probability took out Credit Default Swaps in order to collect handsomely on the failure, in addition to

then foreclosing on the mortgaged properties, I would not have agreed to enter into a mortgage contract with WaMu. (4:26-5:5).

8. I was manipulated into signing a mortgage contract with WaMu by overt and covert misrepresentations and nondisclosures. There was no meeting of the minds with respect to the essential terms of the mortgage contract (5:6-8).

9. Chase Bank has no right to receive payment under my mortgage loan and has no right to foreclose on my property. (5:17-18).

10. **Washington Mutual had sold my mortgage by early 2007** and purportedly assigned the beneficial interest to LaSalle Bank, which was taken over by Bank of America later in 2007. (6:5-7).

11. So on March 31, 2010, I wrote to California Reconveyance (the trustee named in the Deed of Trust) formally requesting it to file a Full Reconveyance of my property title back to me (6:7-9). (See Exhibit 3).

12. On April 30, 2010, I sent a **Qualified Written Request** (Exhibit 5) to defendant CRC and WaMu, care of Chase Bank, pursuant to §6 of the Real Estate Settlement Procedures Act. I have yet to receive any of the requested items. (6:11-13).

13. Given that **Chase has no interest in my mortgage**, payments made by me to this bank and a foreclosure of my residence by this bank would be unjust enrichment. (6:20-21).

## Argument

The above facts are uncontroverted. Can the court find without a hearing that it is more likely than not that Chase has a right to take or sell plaintiff's home? If these are the mortgage practices now sanctioned by the federal courts – no copies of loan documents given to the borrower, no disclosures at the time of signing, no recorded transfer of interest to the foreclosing party, no response to a QWR, no remaining beneficial interest held by the trustee, and no beneficial interest retained by the mortgagee, a bankrupt servicer – if this is the state of our nation's foreclosure crisis, then how can our country remain a nation of laws?

Motion for Reconsideration

- 5 -

1  If the borrower signed a loan application with blanks not filled in, and received no
2  papers from the lender or broker for three years after signing loan documents, not even
3  a promissory note or a deed of trust, then at the very least there are glaring TILA and
4  RESPA violations in this case that warrant judicial scrutiny.
5  Plaintiff requests a TRO enjoining the sale of her home until an OSC hearing re:
6  Preliminary Injunction can be heard. In the alternative, plaintiff requests an injunction
7  to stop sale of her residence until a writ can be filed in the court of appeal.

### Service on Defendants

Defendants Chase and CRC were personally served through CT Corporation, their common agent for service of process, with the Complaint and accompanying pleadings on July 15, 2010. It is my experience that Chase and CRC will be represented by the same law firm. That law firm has not called, faxed, or emailed me with a response in the past 4 days. Chase has enough lawyers in Los Angeles to fill a 100-story building (Statement of Good Faith Effort, 2:5-7). I have served CT Corporation with a copy of this motion, declaration, and exhibits by overnight Fed Ex. All I can do now is wait for defendants to contact me.

Respectfully submitted

Date: July 19, 2010

_____
Douglas Gillies, attorney for plaintiff