1  DOUGLAS GILLIES, ESQ.  (53602)
2  douglasgillies@gmail.com
   3756 Torino Drive
3  Santa Barbara, CA 93105
4  (805) 682-7033

5  Attorney for Plaintiff
6  MARGARET CARSWELL

7
8              UNITED STATES DISTRICT COURT
9              CENTRAL DISTRICT OF CALIFORNIA

10

11  MARGARET CARSWELL,           ) Case No. CV 10-5152-GW (PLAx)
12              Plaintiff,       )
                                 )
13       v.                      ) Request for Relief from Default and
                                 ) Memorandum of Points and
14  JP MORGAN CHASE BANK N.A.,   ) Authorities
    CALIFORNIA RECONVEYANCE      )
15  CO., and DOES 1-150, inclusive, )  DATE: November 15, 2010
16              Defendants.      )  TIME: 8:30 AM
                                 )  ROOM: 10
17                               )  JUDGE:  Hon. GEORGE H. WU
                                 )
18                               )

19
20
21
22  ─────────────────────────────
23

24      Plaintiff respectfully requests leave of the Court to file her First Amended
25  Complaint, which was served by mail on Defendants and deposited with Mandatory
26  Chambers copies in the chambers of the Hon. George H. Wu on Friday, October 15,
27  2010. The First Amended Complaint was lodged with the clerk of the Federal
28  District Court on Monday, October 18, 2010.

Motion for Relief from Default

- 1 -

## STATEMENT OF FACTS

1. The court granted Defendants' Motion to Dismiss the Complaint with leave to amend after a hearing on September 30, 2010. The court granted Plaintiff two weeks, until October 15, to file an Amended Complaint.

2. I drafted a First Amended Complaint, served it on Defendants by mail, and attempted to file it electronically on Friday morning, October 15. The CM/ECF system rejected the complaint with a message: "This document contains embedded links (annotations and/or hyperlinks)." I searched the document for the offending text, reformatted two references and tried again, unsuccessfully. I immediately sent an email to the ecf-helpdesk requesting assistance in filing the Amended Complaint. I attempted to file the pleading again.

3. I received a reply from the ecf-helpdesk at noon: "Per General Order 10-7, 1st Amended Complaints, are manually filed at the window."

4. I arranged for a courier to drive to downtown Los Angeles to pick up paper copies of the pleadings at the Kinko's nearest the courthouse and file them in the Clerk's office. Kinko's acknowledged receipt of the pleading in an email to me at 2:19 PM, after the courier had arrived. Kinko's was understaffed, with only two people, they did not have the correct blue paper for backing, could not find a 2-hole punch, and finally handed the papers to the courier a few minutes before 4:00 PM.

5. The courier arrived at the clerk's office moments after the filing window closed. He met with two clerks, who spoke with a supervisor. They advised him that they could only accept the papers if there was an expiring statute of limitations. He begged. They advised him to return on Monday.

6. The courier deposited a copy of the First Amended Complaint in the stack of Mandatory Chambers Copies in Judge Wu's chambers next to Courtroom 10 before 5:00 PM.

7. A process server went to the clerk's office to file the First Amended

1  Complaint on Monday, October 18. He was told that the document could not be filed
2  because it was due the previous Friday.
3     8. At the request of the process server, the clerk lodged the First Amended
4  Complaint on Monday, October 18. The process server offered to leave a Summons
5  and Civil Cover Sheet, but the clerk said they were not necessary when filing an
6  amended complaint.

## POINTS AND AUTHORITIES

Plaintiff made every effort to file a timely First Amended Complaint. It was a classic race to courthouse steps on a busy Friday afternoon with plenty of surprises, and all this was prompted by counsel's failure to anticipate that General Order 10-07, adopted locally on August 2, 2010, included Amended Complaints in the category of initiating documents that must be filed manually, rather than electronically.

Local Rule 3-2 defines Initiating Documents:

> Complaints (including third-party complaints, counter-claims, and cross-claims) and other initiating documents in civil cases shall be filed, in duplicate, fees paid, and summons issued and served in the traditional manner on paper rather than electronically. All manually filed civil initiating documents shall be e-mailed in PDF format within 24 hours to the civil intake mailbox for the appropriate Court Division.

Amended complaints are not included in the definition of initiating documents.

However, General Order 10-07, adopted August 2, 2010, uses a broader definition for case initiating documents in section V:

> **C. Case Initiating Documents**.
>
> **1. Civil Case Initiating Documents**. Complaints (such as third-party complaints, amended complaints, complaints in intervention, counterclaims and cross-claims) and other civil case initiating documents shall be filed, in duplicate, fees paid, and summons issued and served in the traditional manner

rather than electronically.

It seems inconsistent to require traditional filing of amended complaints where all the parties have been served and appeared at a hearing on Defendants' Motion to Dismiss. General Order 10-078 states that filing fees shall be paid each time an amended complaint is filed, and a summons shall be issued and served in the traditional method. Yet the clerk said that a filing fee was not necessary and declined to accept the summons.

The federal system tends towards leniency and fairness rather than enforcing harsh, Draconian measures. Nevertheless, the clerk was acknowledging the court's order when it declined to file the First Amended Complaint on October 18.

There is no justifiable reason to create two inconsistent definitions of Initiating Documents in the Local Rules and the General Orders, or to treat each Amended Complaint as if it were the first paper in every lawsuit.

Federal Rule 15

(a) AMENDMENTS BEFORE TRIAL.

(1) *Amending as a Matter of Course.* A party may amend its pleading once as a matter of course within:

(A) 21 days after serving it, or

(B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier. (2)

(2) *Other Amendments.* In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave **when justice so requires**.

Plaintiff respectfully requests that the Court direct the Clerk to file Plaintiff's First Amended Complaint in the interest of justice.

Respectfully submitted,

_____

Douglas Gillies
Attorney for Plaintiff Margaret Carswell
October 21, 2010

So Ordered.

_____

Hon. George H. Wu
Judge, Federal District Court

Motion for Relief from Default

- 5 -