UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| | | | |
|---|---|---|---|
| Case No. | 2:10-cv-05152-GW(PLAx) | Date | January 6, 2011 |
| Title | *Margaret Carswell v. JP Morgan Chase Bank N.A., et al.* | | |

Present: The Honorable   GEORGE H. WU, UNITED STATES DISTRICT JUDGE

| Javier Gonzalez | Wil Wilcox | |
|---|---|---|
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Douglas C. Gillies | Patricio A. Marquez |

PROCEEDINGS:   **DEFENDANTS' MOTION TO DISMISS FIRST AMENDED COMPLAINT (filed 10/27/10)**

**SCHEDULING CONFERENCE**

Court hears oral argument. The tentative circulated is hereby adopted as the Court's final ruling (attached). Defendants' Motion to Dismiss First Amended Complaint is **granted.**

Counsel for plaintiff will submit an offer of proof as to the First Amended Complaint by January 28, 2011. A nonappearance status conference is set for February 7, 2011. Court to issue ruling as to whether an amendment will be allowed thereafter.

The Scheduling Conference is **taken off-calendar.**

:   17

Initials of Preparer   JG

<u>**Carswell v. JP Morgan Chase N.A.**</u>, CV-10-5152
Ruling on Motion to Dismiss First Amended Complaint

On July 14, 2010, Plaintiff Margaret Carswell ("Plaintiff") filed a Complaint against Defendants JP Morgan Chase Bank, N.A. ("JPMorgan") and California Reconveyance Co. ("CRC") (together, "Defendants") alleging seven claims for relief arising from her refinancing of residential real property located at 845 Sea Ranch Drive, Santa Barbara, California (the "Property"). On September 30, 2010, the Court entered an order granting Defendants' motion to dismiss the Complaint and finding that Plaintiff had not alleged sufficient facts to allege any of the seven claims for relief listed in the Complaint. In dismissing all of Plaintiff's claims, the Court found that "there [was] little in Plaintiffs Complaint or opposition to suggest that she has the ability to successfully amend her pleading." See Doc. No. 20-1. Plaintiff was nevertheless given one opportunity to amend.

As noted in the previous minute order, Plaintiff's original loan was with Washington Mutual Bank ("WaMu"). The FDIC was appointed as a receiver for the purpose of liquidating WaMu pursuant to section 5(d)(2) of the Home Owners Loan Act, 12 U.S.C. §1464(d)(2), and section 11(c)(6)(B) of the Federal Deposit Insurance Act, 12 U.S.C. §1821(c)(6)(B). On September 25, 2008. JPMorgan entered into a Purchase and Assumption (" P&A") Agreement with the FDIC, under which the bulk of WaMu's assets were transferred to JPMorgan. JPMorgan did not assume the potential liabilities of any kind associated with claims of borrowers arising out of any lending or loan purchase activities of Washington Mutual.

Plaintiff's First Amended Complaint - now alleging ten claims for relief - was filed on October 18, 2010. There is very little to differentiate it from the previous pleading in terms of Plaintiff's inability to state any cognizable claim. For example, notwithstanding this Court's previous determination that JPMorgan has no liability for any purported actions by WaMu related to the Subject Loan, Plaintiff has reasserted claims for TILA violations and fraud and concealment in the FAC's Fourth and Sixth Claims for Relief that are clearly barred. Other deficiencies abound.

Plaintiff's First Claim for Wrongful Foreclosure is premised upon the assertion that JPMorgan does not have standing to enforce the Promissory Note because it is not the owner of the Promissory Note. This assertion is not plausible for the reasons explicitly laid out at the last hearing. JPMorgan obtained WaMu's servicing interests in the Subject Loan pursuant to the P&A Agreement with the FDIC. Accordingly, JPMorgan and CRC have properly initiated the foreclosure proceedings in regard to the Subject Property. While Plaintiff appears to allege at ¶ 16 that WaMu transferred all beneficial interest in the loan prior to the FDIC receivership, there are no factual allegations that support the conclusion that it was thereby divested of its servicing interests in the loan.[1] The fact that the mortgage was securitized would not deprive Defendants

---

[1] Paragraph 16 alleges:
    After WaMu originated the loan, it transferred all beneficial interest in
    the loan through Washington Mutual Mortgage Securities Corp.,

-1-

of the ability to foreclose. As noted in Caravantes v. Cal. Reconveyance Co., 2010 U.S. Dist. LEXIS 109842 (S.D. Cal. Oct. 14, 2010):

> California Commercial Code § 3301 provides that a "person entitled to enforce" an instrument includes "the holder of the instrument" as well as "a nonholder in possession of the instrument who has the rights of a holder." In California, the instrument most commonly used to secure a promissory note given for a real property loan is a deed of trust, which effectively gives the creditor a lien on the secured property to satisfy the obligation under the note if it is not paid. [Citation]. California law specifically authorizes the trustee, beneficiary, or any of their authorized agents to record the notice of default or the notice of sale under a deed of trust. Cal. Civ. Code §§ 2924(a)(1), 2924b(b)(4). Accordingly, as a servicer of the subject loan in this case, JPMorgan had the authority to record the Notice of Default and to enforce the power of sale under the Deed of Trust.

Id. at *27-28. Furthermore, it is well-settled that California law does not require production of the note as a condition to proceeding with a nonjudicial foreclosure proceeding. See, e.g. Pajarillo v. Bank of Am., 2010 U.S. Dist. LEXIS 115227 (S.D. Cal. Oct. 28, 2010) (citing cases). Finally, Plaintiff's argument that JPMorgan could not have acquired the loan because she never had a contract with WaMu ("because WaMu intended that Plaintiff would breach," Opp. 10:14-15) must also be rejected. See infra.

The Second Claim for Relief in the FAC is for violation of California Civil Code § 2923.5. Plaintiff's only factual allegation to support her claim that Defendants have violated the provisions of Civil Code § 2923.5 is that she "is informed and believes that declarant Clement Durkin did not have personal knowledge of the matters described in his declaration, which purported to describe attempts by Chase to contact Plaintiff as required by § 2923.5." FAC ¶ 22. The California Court of Appeal has held that § 2923.5 does not require the NOD to include a

---

> evidenced by Prospectus Supplement to Prospectus dated January 11, 2007, WaMu Mortgage Pass-Through Certificates, Series 2007-OA1 Trust. All subsequent holders of the Note took possession subject to all claims and defenses that Plaintiff has against WaMu. WaMu retained no beneficial interest in the loan that could be transferred to Chase in a Purchase and Assumption Agreement dated September 25, 2008. On September 1, 2009, Deborah Brignac, Vice President of Chase, Vice President of CRC, and "robo-signer" whose name and variant signatures have attested to the truth of facts recited in declarations and affidavits in hundreds of thousands of foreclosures, executed an Assignment of Deed of Trust granting to Bank of America all beneficial interest in Plaintiff's Deed of Trust, "together with the note or notes therein described and secured thereby, the money due or to become due thereon, with interest, and all rights accrued or to accrue under said Deed of Trust . . . ." (Exhibit 2).

declaration under oath or require that the declarant have to have personal knowledge of each of the facts set forth in the NOD. See Mabry v. Superior Court, 185 Cal.App.4th 208, 233-34 (2010). Plaintiff also includes allegations regarding a letter from the California Attorney General to JPMorgan in October 1, 2010, requiring it to demonstrate compliance with § 2923.5. See ¶ 23. There is no specific allegation of noncompliance in this particular case. Cf. Caravantes, 2010 U.S. Dist. LEXIS 109842 at * 24 (denying motion to dismiss based on allegation that Defendants did not attempt to contact him by phone prior to filing the NOD). The statement in Plaintiff's opposition - that "to show compliance with the notice requirements of the statute, an evidentiary hearing is necessary," Opp. 16:10-11 - is incorrect.

Plaintiff's Third Claim for Relief is for unjust enrichment. Technically there is no such cause of action in California. See Melchior v. New Line Productions, Inc., 106 Cal.App.4th 779, 793 (2003) ("[T]here is no cause of action in California for unjust enrichment."); but see Lectrodryer v. SeoulBank, 77 Cal.App.4th 723 (2000) (permitting an unjust enrichment claim to stand). If the Court were theoretically to allow such a claim, it would require Plaintiff to plead the elements of "receipt of a benefit and unjust retention of the benefit at the expense of another," Lectrodryer, 77 Cal.App.4th at 726, which she has not done. For the reasons previously described, there is no basis for concluding that JPMorgan's receipt of mortgage payments from Plaintiff is unjust.

The Fourth Claim for Relief is for TILA and RESPA violations. Once again, this Court has already found that JPMorgan has no liability for the alleged actions of WaMu. There are also other problems. The statute of limitations for a TILA damages claim has expired. See 15 U.S.C. § 1640; King v.California, 784 F.2d. 910 (9th Cir. 1986) (TILA's one year statute of limitations runs from the date of the consummation of the transaction). Plaintiff has not alleged any actual damages as a result of Defendant's supposed violation of RESPA. See 12 U.S.C. § 2605(f)(1)(A) ("Whoever fails to comply with this section shall be liable to the borrower . . . [for] any actual damages to the borrower as a result of the failure."); Hutchinson v. Delaware Savings Bank FSB, 410 F.Supp.2d 374, 383 (D.N.J. 2006). Conclusory allegations of damages are insufficient to support a RESPA claim. Copeland v. Lehman Bros. Bank, FSB, 2010 U.S. Dist. LEXIS 73032 (S.D. Cal. July 15, 2010).

Plaintiff's Fifth Claim of Relief for "No Contract" still fails to state a cognizable claim. Once again, Plaintiff has failed to show how the fact that WaMu intended to bundle her note with other notes to be sold as a mortgage-backed security would have been an obstacle to contract formation. Moreover, despite the Court's ruling at the last hearing that Plaintiff must allege an offer to restore the loan proceeds in order to obtain rescission, Plaintiff still has not alleged any offer to restore the loan proceeds. Plaintiff claims that she should not make any tender because "[s]he alleges that the contract was void ab initio." However, there is no alleged basis for this conclusion in either the original Complaint or in the FAC.

The Sixth Claim for Relief is for fraud and is barred for the reasons stated in the previous minute order, and Plaintiff only devotes a scant few sentences in her opposition to arguing that she has stated a claim for fraud by "WaMu's agents." She hasn't, and once again it does not matter because, per the P&A Agreement, JPMorgan did not assume the potential liabilities of WaMu.

The Seventh Claim for Relief, for Quiet Title, remains deficient. A "mortgagor of real

property cannot, without paying his debt, quiet his title against the mortgagee." Nool v. Homeq Servicing, 2009 U.S. Dist. LEXIS 80640, *20 (E.D. Cal. Sept. 3, 2009). It is not even clear that an action to quiet title would be appropriate. Plaintiff is still apparently the owner of the property. A notice of default or a notice of trustee sale has been recorded on the subject property does not affect her ownership right. See Ortiz v. Accredited Home Lenders, Inc., 639 F. Supp. 2d 1159 (2009).

Plaintiff's Eighth Cause of Action is premised upon her contention that "Chase is not the present holder in due course or beneficiary of a Promissory Note executed by Plaintiff." FAC ¶ 61. However, "[t]here is no requirement that the party initiating foreclosure be in possession of the original note." Nool, 2009 U.S. Dist. LEXIS 80640 at *12. Moreover, as before, because none of Plaintiff's purported claims for relief are alleged sufficiently, declaratory relief would be improper. "Declaratory relief is not appropriate where the controversy is hypothetical or where the actual controversy has become moot." Pagtalunan v. Reunion Mortg., Inc., 2009 U.S. Dist. LEXIS 34811 (N.D. Cal. Apr. 8, 2009) (quoting Seelers v. Regents of the Univ. of Cal., 432 F.2d 493, 499-500 (9th Cir. 1990)).

New to the FAC is Plaintiff's Ninth Claim for Relief for Slander of Title. The elements for slander of title are: (1) publication; (2) absence of justification; (3) falsity; and (4) direct pecuniary loss. Seeley v. Seymour, 190 Cal.App.3d 844, 858 (1987); Howard v. Schaniel, 113 Cal.App.3d 256, 263-264 (1980). Here, because no "absence of justification" has been alleged or can be alleged, this cause of action is without merit. Defendants also note that the publication of the Notice of Default and Notice of Trustee's Sale are almost certainly privileged. See Caravantes v. Cal. Reconveyance Co., 2010 U.S. Dist. LEXIS 109842 at 15-16) ("Pursuant to Cal. Civ. Code § 2924(d), mailing, publication, delivery of notices, and performance of procedures related to and necessary to perform a non-judicial foreclosure sale are privileged. Defendants' conduct in connection with recording the Notice of Default and Notice of Sale cannot constitute a basis for slander of title claims.").

Also newly added is Plaintiff's Tenth Claim for Relief for Intentional Infliction of Emotional Distress. None of its elements are plausibly pleaded.

Though the possibility that WaMu was not a servicer of Plaintiff's loan at the time of the FDIC receivership is perhaps troubling (though no facts are set out that suggest this inference would be in any way plausible), leave to amend should not be granted. If Plaintiff were permitted to file a Second Amended Complaint, it almost certainly would only be a repeat of what we have already seen - a lot of luridly descriptive language about the general behavior of banks during the current mortgage crisis combined with zero explanation of how Plaintiff was supposedly injured by anything that these particular Defendants actually did. Plaintiff's counsel has failed to explain in detail exactly how the FAC addresses any of the concerns the Court raised in its previous ruling.